# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| TEXAS PRECIOUS METALS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:26-CV-00513-DAE |
| | § | |
| KELLY HANCOCK in his OFFICIAL | § | |
| CAPACITY as ACTING TEXAS | § | |
| COMPTROLLER of PUBLIC | § | |
| ACCOUNTS, and MACY DOUGLAS in | § | |
| her OFFICIAL CAPACITY as | § | |
| ADMINISTRATOR of THE TEXAS | § | |
| BULLION DEPOSITORY, | § | |
| | § | |
| Defendants. | § | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION

On this date the Court heard Texas Precious Metals, LLC's ("Plaintiff") Amended Motion for Preliminary Injunction against Defendants Kelly Hancock as Acting Texas Comptroller of Public Accounts and Macy Douglas as Administrator of the Texas Bullion Depository. A hearing on Plaintiff's Amended Motion was held on April 16, 2016. The Court, after considering Plaintiff's Amended Motion, the pleadings, the evidence on file, the testimony at the hearing, and arguments of counsel, finds that the application is well taken and should be **GRANTED**.

The Court further finds that Plaintiff will suffer probable, imminent, and irreparable harm before if the Court does not issue a preliminary injunction against Defendants.

The Court further finds it necessary to enjoin Defendants as ordered herein to prevent this harm because Defendants have violated and continue to violate Texas Government Code Chapter 2116 by engaging in *ultra vires* acts and are designing, marketing, and selling precious metals products outside their statutory authorization. The Court further finds it necessary to enjoin

Defendants as ordered herein to prevent this harm because Defendants have falsely or misleadingly advertised the State of Texas Coins and Redbacks as official products authorized by the State of Texas, in violation of the Lanham Act. The Court further finds it necessary to enjoin Defendants as ordered herein to prevent this harm because Defendants have falsely designated the origin of the State of Texas Coins and Redbacks as official products authorized by the State of Texas, in violation of the Lanham Act.

The Court further finds it necessary to enjoin Defendants as ordered herein to prevent this harm because Defendants have infringed upon Plaintiff's registered trademarks, creating a likelihood of confusion as to source, affiliation, or sponsorship, and  intentionally used the trademarks knowing that their infringing marks are spurious and identical with, or substantially indistinguishable from, Plaintiff's registered trademarks, in violation of the Lanham Act.

Defendants' actions are likely to irreparably harm Plaintiff through consumer confusion about the source of the products being sold, as well as the risk of confusion that the products are currency of the State of Texas and an injunction is necessary to prevent Defendants' further unauthorized designing, marketing, and selling of precious metals products.

It is therefore, **ORDERED** that Defendants are immediately restrained from designing, commissioning, authorizing, producing, minting, advertising, advertising, marketing, offering for sale, selling, distributing, or otherwise facilitating the commercialization of precious metals, including the State of Texas Coins and the Redbacks, whether directly or indirectly, and whether in their own name or through any third party.

 SIGNED this ___ day of _____, 2026.

_____

Honorable David. A. Ezra

2