UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TEXAS PRECIOUS METALS, LLC,

     *Plaintiff,*

v.

KELLY HANCOCK; in his official capacity as
Acting Texas Comptroller of Public Accounts,
and MACY DOUGLAS, in her official capacity as
Administrator of the Texas Bullion
Depository,

     *Defendants.*

CASE NO. 1:26-CV-00513

---

### DEFENDANTS' REPLY IN SUPPORT OF 12(b)(6) MOTION TO DISMISS

---

Defendants Kelly Hancock, in his official capacity as Acting Texas Comptroller of Public Accounts and Macy Douglas, in her official capacity as Administrator of the Texas Bullion Depository (separately "Comptroller" and "Administrator," collectively "Defendants"), file this Reply in Support of Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted (ECF No. 43).

TABLE OF CONTENTS

I.   TPM's Ultra Vires Argument Fails...................................................................................1

II.  TPM's Lanham Act Claims Should Be Dismissed................................................................3

     A.  Use of State Outline Does Not Provide Standing ...................................................3

     B.  Plaintiff Cannot Show Defendants' Conduct is a Proximate Cause of any Claimed
         Harm .........................................................................................................................4

III. TPM's Counterfeiting Claims Are Unsupported by Fact or Law. ....................................5

IV.  TPM's Lanham Act Trademark Infringement and Counterfeiting Claims Are More
     Properly Addressed in the Northern District Action...........................................................6

V.   TPM's Lanham Act Claims Should Be Dismissed Because They Are Compulsory
     Counterclaims in the Northern District Action....................................................................8

Conclusion ...................................................................................................................................8

Certificate of Service...................................................................................................................9

Plaintiff, Texas Precious Metals (TPM), raises several points in its response (ECF No. 49) to the Defendants' Motion to Dismiss (ECF No. 43) TPM's Second Amended Complaint ("TPM's Complaint" ECF No. 30)). Many of these points are inaccurate or misguided. Defendants address the most important points below.

## I.    TPM's Ultra Vires Argument Fails.

TPM's ultra vires argument presents a question of law that must be resolved against TPM. The Court should apply familiar principles of statutory interpretation to determine what the Texas Legislature intended in its use of the term "promotional items" to authorize the activities of the Comptroller and Texas Bullion Depository ("Depository") that are challenged in this action: the issuance and sale of Commemorative Coins and Notes. The Legislature did not provide a separate definition of that term, so "promotional items" should be interpreted in its ordinary and customary sense. And it is undisputed that the Legislature did not include *any* express prohibitions that possibly could apply to the Commemorative Coins and Notes that the Depository has issued.

"Promotional items," in their ordinary and customary meaning, are items that are intended to promote goods or services, or which have the effect of promoting goods or services. The Depository's commemorative coins and notes clearly fit both criteria. They undoubtedly were *intended* to promote the precious metals depository services of the Depository, and they undoubtedly have succeeded in *effectively* promoting the precious metals depository services of the Depository.

The legislative history of section 2116, which TPM now studiously ignores, provides unmistakable confirmation that the term "promotional items" was and is intended to encompass coins and notes like the commemorative coins and notes the Depository has issued.

Representative Andrew Murr proclaimed to the Texas House of Representatives his understanding that the then-pending bill—with its authorization to the Comptroller and Depository to issue and sell "promotional items"—*did* authorize the Comptroller and Depository to sell gold and silver coins. Debate on H.B. 2458 on the Floor of the House, 86th Leg., R.S., at 9:25:48–9:26:06 (Apr. 25, 2019), https://house.texas.gov/videos/10026 [https://perma.cc/F4YW-Y8FG].

Rep. Murr applauded that authorization and expressed his hope that Defendants would use it. *Id.* He withdrew his amendment and voted for the bill, which as adopted now includes section 2116, the provision at issue in this case. Indeed, citing to this evidence, this Court has already found it likely that the legislature "intended to allow Defendants to sell commemorative coins and notes as promotional items," and that, as such, "Plaintiff has failed to show substantial likelihood of success on the merits of its ultra vires claim the grounds that Defendants' acts exceeded legal authority." ECF No. 50 at 17.

The intention of the Legislature in adopting section 2116 could not be clearer: The statutory term "promotional items" was intended to include gold and silver coins like the commemorative coins and notes issued by the Depository. TPM offers no contrary legislative history.

Instead, TPM recycles its efforts to argue that the Court should re-write the statute to impose limitations on permissible "promotional items" that the Legislature never imposed. The Legislature did *not* require that promotional items be of modest or nominal value. The Legislature did *not* require that promotional items be sold at a loss or on a break-even basis. And the Legislature did *not* require that promotional items not compete with products of private precious metals

2

businesses like TPM. If TPM wants such provisions in section 2116, its recourse is to the 2027 Texas Legislature, and not to this federal court. Federal courts are rightly sensitive to considerations of federalism and will not rewrite state laws—especially, as here, when no federal constitutional or statutory rights are at stake.

## II.    TPM's Lanham Act Claims Should Be Dismissed.

The Lanham Act must be construed in the light of a "strong federal policy in favor of vigorously competitive markets[.]" *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 379 (2nd Cir. 1997). "When evaluating [trade dress] claims, courts must not lose sight of the underlying purpose of the Lanham Act, which is protecting consumers and manufacturers from deceptive representations of affiliation and origin." *Id*. at 375; *see also Nora Bevs., Inc. v. Perrier Grp. of Am., Inc*., 269 F.3d 114, 119 (2nd Cir. 2001). TPM's claims are anti-competitive and fatally flawed.

### A.  Use of State Outline Does Not Provide Standing

First, the use of a state outline, such as that of Texas, is not itself distinctive enough to even support trademark protection. The Lanham Act expressly contemplates the interplay between trademarks and geographical designations, and effectively provides that geographical designations, when used as such, are not amenable to trademark protection. *See Sociedad Anomina Vina Santa Rita v. United States Dep't of the Treasury*, 193 F. Supp. 2d 6, 20 (D.C. Cir. 2001). In pertinent part, the Lanham Act states that a trademark shall not be registered if it "consists of a mark which . . . when used on or in connection with the goods of the applicant is primarily geographically descriptive of them." 15 U.S.C. § 1052(e)(2). Accordingly, "geographical terms should remain free for all sellers in that portion of the world to use descriptively with equal honesty." *Sociedad*, 193 F. Supp. at 20 (quoting 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair

Competition § 14:1 at 14-4 (4th ed. 2001)). Plaintiff cannot, by using the shape of Texas on its products, prevent others from also using it. It is a novel and insupportable argument raised by TPM that it can trademark the shape of the state and then foreclose an actual state agency of Texas from using it.

Simply put, "facts are not copyrightable." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344, (1991). "The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author." *Id.* at 345. TPM cannot claim that an outline of the state of Texas is original to it. A basic state outline is a purely descriptive or generic symbol that no single entity can or should monopolize, making the mark inherently invalid for Trademark purposes.

### B. Plaintiff Cannot Show Defendants' Conduct is a Proximate Cause of any Claimed Harm

TPM has not pled any facts that, if true, demonstrate actual lost sales or damages due to the Depository's description of its promotional items as "official" or "coins." The items are not advertised as legal tender, and not one person has been identified who though that the "commemorative coins" were legal tender. Nor has TPM been able to plead facts that showing the outline of the state of Texas on a promotional coin manufactured by the state of Texas was believed—or would likely be believed—by any consumer as being produced by TPM. As pointed out above, it is TPM that is maintaining websites with misleading addresses, and ones that do not prominently disclose that TPM is not, in fact, part of the state government.

Proximate cause of claimed damages is an essential element of standing under the Lanham Act. *E.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014). Plaintiff has not and cannot show economic damages "flowing directly" from the Defendants' alleged

4

actions. *See id.*; ECF No. 50 at 22–24. Without that showing, Plaintiff has no standing to bring its Lanham Act claims and they should be dismissed. *Id.* at 133.

### III.   TPM's Counterfeiting Claims Are Unsupported by Fact or Law.

The Lanham Act establishes a cause of action for, among other things, counterfeiting and states that "[a]ny person who . . . use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided." 15 U.S.C. § 1114(1)(a). The plain language of the statute thus shows that "likely to cause confusion" is a requirement for a counterfeiting claim. *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1078 (9th Cir. 2020); *see Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 818 (5th Cir. 2019).

This Court has already correctly recognized that "Defendants' website expressly disclaims its commemorative coins and notes as legal tender." ECF No. 50 at 21.[1] Further, even if there was confusion among consumers about the differences between Plaintiff's products and Defendants', "the Court is not convinced that the confusion is due to Defendants' use of the word 'coin.'" *Id.* at 23. Instead, the Court found that "the possibility that the State of Texas's entry into the precious metals market may cause consumer confusion or divert customers does not render its

---

[1] Interestingly, Plaintiff's main website does not appear to contain a disclaimer that it is not affiliated with any governmental entities, either on its main page or on its "Disclaimers" page. *See* TEXAS PRECIOUS METALS, https://www.texmetals.com; *see also Disclaimers*, TEXAS PRECIOUS METALS, https://texmetals.com/disclaimer. However, its affiliated depository website does contain such a disclaimer. *See* TEXAS PRECIOUS METALS DEPOSITORY, https://www.texasdepository.com (noting at the bottom of the webpage that "Texas Precious Metals Depository is a private division of Texas Precious Metals LLC and not affiliated with any state, local, or federal agencies.")

participation unlawful," suggesting instead that "such effects are an inevitable consequence of marketplace competition." ECF No. 50 at 24.

In fact, it is a novel argument by TPM that an actual state agency—authorized by the state of Texas itself—is somehow generating confusion when TPM itself deliberately is operating the websites "texasdepository.com" and "texasstatedepository.com" (which redirects to "texasdepository.com").

And, as noted above, this Court has already identified that Plaintiff has provided minimal argumentation in support of its counterfeiting claim. *See id.* at 25 ("In support of its trademark infringement and counterfeiting claims, Plaintiff dedicates only one paragraph to argue that it owns an incontestable federal trademark registration."). For these reasons, TPM has not plausibly alleged a counterfeiting claim, and it should be dismissed.

## IV.  TPM's Lanham Act Trademark Infringement and Counterfeiting Claims Are More Properly Addressed in the Northern District Action.

TPM failed to state plausible trademark infringement and counterfeiting claims in this suit. Those claims should be dismissed, as they are more properly addressed in the Northern District Action.

As an initial matter, a court may dismiss a trademark infringement claim when confronted with implausible allegations of consumer confusion. ECF No. 43 at 21 (citing *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 428–29 (5th Cir. 2021)). TPM's supposedly "ample evidence of actual [consumer] confusion," *see* ECF No. 28 at 14–15, does not give rise to plausible allegations of customer confusion. It is implausible that customers would mistake commemorative coins and notes bearing the Texas Bullion Depository's name and website for TPM products. ECF No. 43 at 21. The Depository's commemorative coins display a textured relief map of Texas visibly

6

distinct from the silhouette of Texas on TPM's rounds. *Id.* And the state agency's commemorative notes likewise contain myriad features distinguishing them from TPM's gold notes. *Id.*

Absent "specific factual allegations" specifying "how the [Defendants'] use of [TPM's] marks . . . *caused* initial interest confusion," the Plaintiff's trademark infringement claim cannot prevail. *Jim S. Adler*, 10 F.4th at 429 (emphasis added). Here, TPM has failed to show that Defendants' conduct caused customer confusion. ECF No. 50 at 23–24. Indeed, this Court rightly observed that "it is much more likely that any [customer] confusion is a consequence of the simple fact that it is the State of Texas entering the [precious metals] market." *Id.* at 24.

TPM's counterfeiting claim flounders, too. The company has not supplied any evidence that Defendants intentionally, willfully, or deliberately used TPM's alleged trademarks. ECF No. 43 at 24. Again, the relief map emblazoned on the Depository's commemorative coins is not identical to TPM's so-called Mint Mark. *Id.* The company, unable to refute Defendants' arguments "attacking the distinctiveness, strength, and validity of [TPM's] marks," *see* ECF No. 50 at 25, "dedicates only one paragraph" to support its claim "that it owns an incontestable federal trademark registration for the Mint Mark . . . [and] additional relevant federal trademark registrations." ECF No. 50 at 25. These reasons alone warrant the dismissal of TPM's trademark infringement and counterfeiting claims.

Even so, it comes as no surprise that TPM spends so little time addressing its trademark infringement and counterfeiting claims in this action. Those claims substantially overlap with trademark issues actively being litigated in the first-filed Northern District Action. ECF No. 29 at 24; ECF No. 50 at 25. Because Defendants are actively seeking to cancel TPM's incontestable

federal trademark registrations in the Northern District, TPM's trademark and counterfeiting claims would be more properly addressed in that venue, in any event.

**V.      TPM's Lanham Act Claims Should Be Dismissed Because They Are Compulsory Counterclaims in the Northern District Action.**

TPM's Lanham Act claims should be dismissed as compulsory counterclaims in the Northern District Action. TPM has no basis for its argument that its state court, state law ultra vires claim filed on February 4 somehow overrides Federal Rule of Civil Procedure 13 and "disappears" the first-filed Lanham Act trademark action in the United States District Court for the Northern District of Texas (Case No. 7:26-cv-00021-O). Because TPM filed its Lanham Act claims in this case only *after* TPM was served with Defendants' Northern District trademark action against it, TPM was obligated under Rule 13 to assert as compulsory counterclaims its Lanham Act claims against Defendants. After deliberately failing to do so, TPM is barred from asserting those claims in this case.

**CONCLUSION**

For the foregoing reasons, Defendants Kelly Hancock, in his official capacity as Acting Texas Comptroller of Public Accounts, and Macy Douglas, in her official capacity as Administrator of the Texas Bullion Depository, respectfully request the Court dismiss TPM's claims with prejudice.

8

Dated: May 26, 2026

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

Respectfully submitted,

/s/ David Bryant

DAVID BRYANT
Senior Special Counsel
Texas State Bar No. 03281500
david.bryant@oag.texas.gov

ALEXIA K. BAKER
Assistant Attorney General
Texas State Bar No. 24149596
alexia.baker@oag.texas.gov

OFFICE OF THE TEXAS ATTORNEY GENERAL
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel: (512) 463-2100
Fax: (512) 457-4410

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on May 26, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system and/or electronic mail to all counsel and parties of record.

CASEY LOW
Texas Bar No. 24041363
casey.low@pillsburylaw.com

RYAN J. SULLIVAN
Texas Bar No. 24102548
ryan.sullivan@pillsburylaw.com

ELIZABETH BLACKFORD
Texas Bar No. 24150283
elizabeth.blackford@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
401 W. 4th Street
Suite 3200
Austin, TX 78701
(512) 580-9600

COUNSEL FOR TEXAS PRECIOUS METALS, LLC

/s/ David Bryant
DAVID BRYANT

9